EDITH H. JONES,
specially concurring:
I concur in Judge Benavides’s conscientious opinion, but as to the negative commerce clause analysis, I do so only because Exxon Corp. v. Maryland, 437 U.S. 117, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978), compels this result. The Exxon case found no discrimination against interstate commerce where a state statute prohibited competition with local gasoline retailers by out-of-state companies at another level of product distribution (refiners). Exxon seems woefully out of step with the Court’s more recent cases. See, e.g., West Lynn Creamery, Inc. v. Healy, 512 U.S. 186, 114 S.Ct. 2205, 129 L.Ed.2d 157 (1994). Texas’s outright prohibition on retail competition from out-of-state auto manufacturers is about as negative toward interstate commerce as legislative action can get. If, as the Court says, its negative commerce clause jurisprudence intends to prevent “economic protectionism” of local businesses, 114 S.Ct. at 2217, and to stop states from imposing higher (in this case prohibitive) costs on products from out-of-state sources, 114 S.Ct. at 2213-14, then Ford’s dealer-cooperative, consumer-friendly program ought not be stymied by parochial state legislation. It should be obvious that the flow of interstate goods is diminished when barriers to entry totally prevent fair competition by a class of potential distributors: the favored local distributors’ price and service incentives become less keenly competitive, prices rise, and overall sales will decline from the free-market equilibrium point. Since this Texas statute appears to reflect a genre of state laws favoring local automobile dealers over out-of-state manufacturers, perhaps the Supreme Court will give us further guidance.